# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

DENNIS F. WILSON,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

No. 08-CV-2037-LRR

**ORDER**

---

## I. INTRODUCTION

The matter before the court is Plaintiff Dennis F. Wilson's Objections ("Objections") (docket no. 16) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 15). In the Report and Recommendation, the Magistrate Judge advises the undersigned to affirm the final decision of Defendant Michael J. Astrue, Commissioner of Social Security, and deny Plaintiff's Complaint (docket no. 1) for social security disability benefits and supplemental security income benefits.

## II. RELEVANT PRIOR PROCEEDINGS

On May 28, 2008, Plaintiff filed the Complaint. On October 2, 2008, Plaintiff filed his opening merits brief ("Opening Brief") (docket no. 9). On December 31, 2008, the Commissioner filed a Resistance (docket no. 12). On January 12, 2009, Plaintiff filed a Reply (docket no. 13). On April 28, 2009, the Magistrate Judge issued the Report and Recommendation. On May 11, 2009, Plaintiff filed his Objections.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and

recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2005); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(c)(3) (stating a judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals has held it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600; *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Accordingly, the court reviews the objected-to portions of the Report and Recommendation de novo.

## IV. ANALYSIS

Plaintiff raises three objections to the Report and Recommendation. Upon de novo review of the record, the court shall overrule the Objections and adopt the Report and Recommendation in its entirety.

### A. Summary of Objections

Plaintiff objects to the Report and Recommendation on three grounds: that the Magistrate Judge (1) incorrectly decided that the administrative record was complete; (2) incorrectly decided that Plaintiff did not show good cause as to why certain additional evidence, namely, Dr. Paul Samo's examination notes ("Examination Notes") (docket no. 9-2) was not included in the administrative record; and (3) improperly refused to give treating source status to Dr. Samo's medical opinions. Because the first and second

objections are substantially similar, the court considers them together.

## B. Examination Notes

The first and second objections relate to the Examination Notes.[1] Before he closed the administrative record, Administrative Law Judge Denzel R. Busick ("ALJ") held two evidentiary hearings. At the first hearing, Plaintiff's attorney informed the ALJ that Plaintiff's medical records were not current. Plaintiff's attorney asked the ALJ to keep the "[administrative] record [. . .] open for 60 days" to allow Plaintiff to add Dr. Samo's medical records to the administrative record. Administrative Record (docket no. 5) at 409. The ALJ agreed to keep the administrative record open. Between the first and second hearings, Plaintiff filed Exhibits 18F and 19F. These exhibits were medical records from Dr. Samo. However, they did not contain the Examination Notes.

At the second hearing, the ALJ asked Plaintiff whether he had any objections to the administrative record. Plaintiff's attorney asked the ALJ whether he had received Exhibits 18F and 19F, stating: "I assume that Dr.—that the mental health interrogatories that we faxed to you [on August 13, 2007] and the letter from, [] Dr. Samo in May, dated August 16, is part of the record." *Id.* at 450. The ALJ stated that he had received these documents. Then, Plaintiff stipulated that he had no objection to the administrative record as it was constituted. Plaintiff failed to mention the Examination Notes to the ALJ.

In his first objection to the Report and Recommendation, Plaintiff argues that the administrative record is incomplete. Presumably, Plaintiff argues the administrative record is incomplete because it does not contain the Examination Notes. Plaintiff has not

---

[1] Plaintiff argues that the Examination Notes are necessary to establish that Dr. Samo was one of Plaintiff's treating sources. A treating source is "'your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." *Owen v. Astrue*, 551 F.3d 792, 798-99 (8th Cir. 2008) (quoting 20 C.F.R. §§ 404.1502 & 416.902).

provided the court with any basis to find that the ALJ failed to fully and fairly develop the administrative record. Accordingly, the court agrees with the Magistrate Judge's conclusion that the ALJ fully and fairly developed the administrative record.

Plaintiff's second objection is closely related to his first objection. In an effort to allow the court to consider the Examination Notes in its review of the instant action, Plaintiff argues that there is good cause to show why the Examination Notes were not incorporated into the administrative record.

A reviewing district court can remand a case to the ALJ to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g) (2008). A claimant must demonstrate good cause for the failure to incorporate evidence into the administrative record. *See Mouser v. Astrue*, 545 F.3d 634, 636-37 (8th Cir. 2008). The claimant bears the burden of proving his disabilities and therefore "ha[s] the responsibility for presenting the strongest case possible." *Id.* (citing *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)). A showing of good cause requires more than a showing of a lack of bad faith in the failure to incorporate evidence before the administrative record closed. *Mouser*, 545 F.3d at 637. "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Id.* (citing *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008)).

It appears that, at the time the ALJ closed the administrative record, Plaintiff was under the mistaken assumption that the ALJ had received the Examination Notes. Immediately prior to closing the administrative record, the ALJ asked Plaintiff whether he had any objection to the record. At that time, Plaintiff failed to mention the Examination Notes, which Plaintiff alleges he had transmitted to the ALJ at the same time he had transmitted Exhibits 18F and 19F. Presumably, if Plaintiff had transmitted the

Examination Notes at the same time as Exhibits 18F and 19F, he would have inquired as to the inclusion of the Examination Notes at this time.

The court also agrees with the Magistrate Judge's observation that the Examination notes lack any exhibit markings that would indicate they were meant to be included in the administrative record. In contrast, the other two exhibits Plaintiff faxed, Exhibits 18F and 19F, which were included in the administrative record, bear clear exhibit markings. Plaintiff has not provided the court with a fax cover sheet or any other documentary evidence showing that he faxed the Examination Notes along with Exhibits 18F and 19F.

Plaintiff offers no explanation, much less a sufficient explanation, for why the Examination Notes were not incorporated into the administrative record. The only "evidence" Plaintiff provides in support of this argument is his attorney's "professional statement to the [c]ourt" that "[t]he fact that [the Examination Notes] were not received by the Office of Disability Adjudication and Review is unanswerable by [Plaintiff], and whatever electronic failure took place should not form the basis for punishing [Plaintiff] in this case." Objections at 1. However, the court cannot consider Plaintiff's attorney's statement to be evidence in support of a showing of good cause. *See Stone Motor Co. v. Gen. Motors*, 293 F.3d 456, 467 n.6 (8th Cir. 2002) ("Attorney statements are not evidence.").

In a nutshell, Plaintiff argues that he has demonstrated good cause because he cannot provide any explanation for the omission of the Examination Notes from the administrative record. This is not evidence of good cause. The court finds that Plaintiff has failed to establish good cause showing why the Examination Notes were not included in the administrative record.

Accordingly, the court shall overrule the first and second Objections.

### C. Dr. Samo As A Treating Source

In his third Objection, Plaintiff argues that Dr. Samo's medical opinions should be

treated as that of a treating physician's. Plaintiff argues that, had the administrative record contained the Examination Notes, they would have demonstrated that Dr. Samo was one of Plaintiff's treating sources. As it is presently constituted, the administrative record does not reflect a treating relationship between Dr. Samo and Plaintiff. And, as discussed above, Plaintiff failed to demonstrate good cause to show why the Examination Notes were not included in the record. Accordingly, the court finds that the Magistrate Judge did not err by considering Dr. Samo as a non-treating source.

## V.  CONCLUSION

In light of the foregoing analysis, the court **ORDERS** that: the Objections (docket no. 16) are **OVERRULED** and the Report and Recommendation (docket no. 15) is **ADOPTED IN ITS ENTIRETY**. The final decision of the Commissioner is **AFFIRMED** and the Complaint (docket no. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA